UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No: _____

ELLA GALBREATH,

    Plaintiff,

v.

BROWARD COUNTY, Florida,
a Political Subdivision of the State,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELLA GALBREATH, by and through her undersigned counsel, sues the Defendant, BROWARD COUNTY, FLORIDA, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MS. GALBREATH under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760") to redress injuries done to her by the Defendant, BROWARD COUNTY, FLORIDA ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3.  At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

4.  As a 47-year old black woman from the Philippines, Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760") because the terms, conditions, and privileges of her employment were altered because of her race, national origin, and age.

5.  Defendant is a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6.  Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7.  Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

8.  Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9.  Plaintiff was issued a Notice of Right to Sue on June 28, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant hired Plaintiff as a senior librarian on February 15, 2015 and she was promoted to Community Library Manager on September 25, 2016. To this day, the Plaintiff is still working for the Defendant.

12. As a Community Library Manager, Plaintiff's primary duties and responsibilities include supervising five subordinate librarians and overseeing the circulation section. The Plaintiff is also responsible for the public services offered to the community, including programming, information services, budget, collection management, and outreach. The Plaintiff is also responsible for staff and the building, including budget, staff training and facility maintenance.

13. Plaintiff has significant experience as a library manager and is more than qualified to perform her job duties and responsibilities.

14. Plaintiff's starting salary was $47,000.00 per year.

15. Throughout the Plaintiff's employment with the Defendant, she repeatedly attempted to negotiate her salary and requested to be given the compensable factors form and was denied due to her race, national origin, and age.

16. When the Plaintiff was first hired, she requested more than the minimum salary. The Plaintiff had a conversation with Kim Butler in Human Resources and Laura Conners, Assistant Director. Ms. Conners said, "we don't have the budget for that and we do not negotiate the minimum."

17. In September 2015, the Plaintiff received a raise, bringing her salary to $51,336.00, due to the Job Analysis Questionnaire (JAQ) recommendation for her classification. In 2016, when the Plaintiff's job performance was reviewed, she exceeded all expectations.

18. In August 2016, the Plaintiff had a meeting with Lisa McClure, head of Community Engagement, Ellen Lindenfeld, Regional Library Manager, and Valerie Simpson, Regional Library Manager. The Plaintiff requested to negotiate her salary and was told to contact Human Resources and negotiate it with them.

19. The Plaintiff was promoted to Community Library Manager on September 25, 2016 and received a raise to $62,500.00, which was the minimum for that position, despite her prior experience managing libraries.

20. In October 2016, all branch managers, including Plaintiff, received raises. This raise brought Plaintiff's salary to $64,000.00.

21. The Plaintiff was not given a compensable factor form. This form is used to consider people for more than the minimum salary. Younger, white employees were given the compensable factor form.

22. In late March 2018, the Plaintiff called Kim in Human Resources to ask about being considered for compensable factors but she did not return the Plaintiff's call.

23. In early April 2018, the Plaintiff followed up with an email to Kim to ask why she was not considered for the compensable factors. Kim called the Plaintiff and said, "You do not qualify for the 5-year time in service raise to $74,500.00 because you have not been here long enough and you have not been with the same union from your previous time with BCL." The Plaintiff said, "well, what about compensable factors?" Kim said, "I have mentioned this to Bertha Henry, the county administrator. Once I get an answer, I will let you know." The Plaintiff never heard anything back after this.

24. In the meantime, the Plaintiff's subordinate received a promotion and a raise and was considered for compensable factors. Valerie is white and in her mid-30s. The Plaintiff has an

extra Master's degree in Political Science, has managed libraries and personnel before, has grant writing and project management experience, and has an American Library Association (ALA) Leadership Institute Certificate, but was denied consideration for compensable factors.

25. The last time that Plaintiff received a raise was in September 2017, when she received an increase from $64,000.00 to $66,000.00. Despite requesting compensable factors as recently as April 2018, the Plaintiff has not been considered for more than the minimum salary and she has not received a compensable factor form.

26. In conclusion, from January 2015 through July 2018, there were a total of 9 Community Library Manager positions open. Seven positions were filled by minorities at entry level with the minimum compensation. Two were filled by white women under 40 years old, both of whom were considered for compensable factors, resulting in an increase in their compensation beyond entry/minimum compensation. The seven minority managers make an average of $66,505.92 and the two white, younger managers make an average of $70,451.94.

27. Plaintiff has engaged the undersigned attorneys to prosecute her claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

28. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here

29. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was denied compensation or consideration for compensable factors. Kim Butler, Laura Conners, , Lisa McClure, Ellen Lindenfeld, and Valerie Simpson, at all times relevant, were acting within the course and scope of their employment for Defendant.

30.     Because Plaintiff is black, she was discriminated against by representatives working for the Defendant, and the Defendant refused to take any action to prevent the discrimination.

31.     Upon information and belief, non-black employees are paid more or receive consideration for compensable factors. Because Plaintiff is black, she was denied an equal opportunity for compensation or consideration for compensable factors.

32.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, ELLA GALBREATH, not receiving equal compensation or consideration for compensable factors.

33.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Race)**

34.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

35.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in

personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

36. Plaintiff is black and therefore a member of a protected class.

37. Because Plaintiff is black, she was discriminated against by representatives working for the Defendant, and the Defendant refused to take any action to prevent the discrimination.

38. Upon information and belief, non-black employees are paid more or receive consideration for compensable factors.

39. Because Plaintiff is black, she was denied an equal opportunity for compensation or consideration for compensable factors.

40. At all relevant and material times, Defendant failed to comply with the FCRA.

41. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

42. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was black.

43. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

44. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

45. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on

account of her race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

46. Plaintiff being denied equal compensation or consideration for compensable factors was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is black, in violation of the FCRA.

47. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

48. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her race. The discrimination on the basis of race constitutes unlawful discrimination.

49. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of National Origin)**

50. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

51. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed

against Plaintiff because Plaintiff was discriminated against on the basis of her national origin, Philippines.

52. Kim Butler, Laura Conners, Lisa McClure, Ellen Lindenfeld, and Valerie Simpson, at all times relevant, were acting within the course and scope of their employment for Defendant.

53. Because Plaintiff is Filipino, she was discriminated against by representatives working for the Defendant, and the Defendant refused to take any action to prevent the discrimination.

54. Upon information and belief, non-Filipino employees are provided with higher compensation or consideration for compensable factors.

55. Because Plaintiff is Filipino, she was denied an equal opportunity for compensation or consideration for compensable factors.

56. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff not receiving equal compensation or consideration for compensable factors.Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of National Origin)

57. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

58. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

59. Plaintiff was born in the Philippines, and therefore a member of a protected class.

60. Because Plaintiff is Filipino, she was discriminated against by representatives working for the Defendant, and the Defendant refused to take any action to prevent the discrimination.

61. Upon information and belief, non-Filipino employees receive higher compensation or consideration for compensable factors. Because Plaintiff is Filipino, she was denied an equal compensation or consideration for compensable factors..

62. At all relevant and material times, Defendant failed to comply with the FCRA.

63. The discrimination of Plaintiff by Defendant was caused by Defendant being aware that Plaintiff was born in the Philippines.

64. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was born in Philippines.

65. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

66. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

67. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her national origin in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

68. Plaintiff being denied higher compensation or consideration for compensable factors was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she was born in Philippines, in violation of the FCRA.

69. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

70. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her national origin.  The discrimination on the basis of national origin constitutes unlawful discrimination.

71. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: VIOLATION OF THE ADEA
### (Discrimination on the Basis of Age)

72. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

73. Plaintiff was forty-four (44) at the time of her hire by Defendant. Because Plaintiff is an older woman, she was discriminated against by representatives working for the Defendant, and the Defendant refused to take any action to prevent the discrimination.

74. Upon information and belief, younger employees are given higher compensation or consideration for compensable factors.

75. Because Plaintiff is an older woman, she was denied equal compensation or consideration for compensable factors.

76. Younger employees were given higher compensation or consideration for compensable factors.

77. Defendant did not have a legitimate, non-discriminatory, reason for not providing the Plaintiff equal compensation or consideration for compensable factors.

78. Defendant denied the Plaintiff equal compensation or consideration for compensable factors, which was willful and intentional, and constitutes a reckless disregard for Plaintiff's rights.

79. Defendant had no good faith basis for not allowing the Plaintiff to negotiate her salary and be considered for compensable factors. Defendant based its actions on Plaintiff's age, and Plaintiff is entitled to liquidated damages based on these actions.

80. Prior to denying the Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's denial, based on her age, was in compliance with the ADEA.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA and provide any additional relief that this Court deems just.

### COUNT VI – VIOLATION OF THE FCRA
**(Discrimination on the Basis of Age)**

81. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 27, inclusive, as though same were fully re-written here.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

83. The discrimination to which Plaintiff was subjected was based on her age.

84. Plaintiff was denied a raise and/or consideration of compensable factors only because of her age, and would not have been denied, but for her age.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; requiring that Defendant make Plaintiff whole for her losses suffered as result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Florida Statutes; and provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 26th day of September, 2019.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff